IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL C. SIKORA and STEVEN BLAINE LANIER,

    Plaintiffs/Counter Defendants,

vs.                                                  No. 13cv00195 WJ-RHS

CBM PARTNERS CORPORATION,

    Defendant/Counter-Claimant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO CONSOLIDATE

THIS MATTER comes before the Court upon Defendant/Counterclaimant's Motion to Consolidate Related Cases, filed April 18, 2013 **(Doc. 20).** Having reviewed the parties' briefs and applicable law, I find that Defendant's motion is not well-taken and shall be denied.

Plaintiffs Sikora and Lanier filed the complaint in this case in the Eleventh Judicial District Court, County of San Juan on December 20, 2012. Defendant/Counter-Claimant CBM Partners Corporation ("Defendant" or "CBM") removed the case to federal court on February 28, 2013. Defendant moves to consolidate four actions into the instant action, which is the earliest filed case: *Paul C. Sikora et al. v. CBM Partners Corporation*, Case 13-cv-00195 WJ/RHS (*"Sikora and Lanier"*), *Blair Properties, LLC v. CBM Partners Corporation*, Case No. 13-cv-00198 JB/ACT (*"Blair Properties I"*), *Thomas C. Blair v. CBM Partners Corporation*, Case No. 1:13-cv-00199 JCH/ACT (*"Blair"*),[1] and *Blair Properties, LLC v. CBM Partners Corporation*, Case No. 1:13-cv-00200 MCA/ACT (*"Blair Properties II"*).

**I.**    **Legal Standard**

---

[1] Thomas C. Blair was CBM's former President. *See* Doc. 20 at 2.

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidations of cases. "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed.R.Civ.P. Rule 42(a). "Whether to grant a motion to consolidate under Rule 42(a) is in the trial court's discretion." *Servants of Paraclete, Inc. v. Great American Ins. Co.*, 886 F. Supp. 1560, 1572 (D.N.M. 1994). In exercising its discretion, courts "weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause". *Id* . Another objective of consolidation is to prevent inconsistent results arising from separate actions. *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966 (2d Cir. 1975).

**II.   Analysis**

*Sikora and Lanier* and *Thomas C. Blair* are both actions for unpaid wages and compensation.  In *Blair Properties I,* Plaintiff Blair Properties alleges that CBM has not made payments on a long term lease agreement entered into by the parties. *Blair Properties II* is an action to collect payments under a promissory note.  Blair Properties and CBM had executed a security agreement and entered into a promissory note payable to Blair Properties, on which CBM has allegedly defaulted.

CBM asserted counterclaims against Plaintiff upon removing the case to federal court. Defendant urges the Court to consolidate these actions because the counterclaims asserted in both *Sikora and Lanier* and *Thomas C. Blair* involve allegations that Sikora and Lanier materially assisted Blair, and in some instances, Blair Properties, in causing CBM to enter into interested party transactions that were unfair to CBM and resulted in great personal benefit to themselves and in some instances to Blair's company (Blair Properties).  Defendant contends

that consolidation will serve the interest of judicial economy and avoid potentially inconsistent rulings.  Defendant also points out that there is overlap in the legal and factual issues in this case, and that these issues will turn on the same evidence, requiring the same discovery.

The Court disagrees with Defendant's assessment of the issues to be decided in this case. Plaintiffs Sikora and Lanier filed the instant case merely seeking unpaid wages and compensation.  While Blair has a similar wage claim, Plaintiffs' wage claims have nothing at all to do with Blair's claims that CBM breached a lease agreement or defaulted on a promissory note.  Those matters are completely unrelated to Sikora and Lanier's claims for wages and other compensation and do not involve questions of law or fact common to Sikora's and Lanier's wage claims.

Also, contrary to CBM's contentions, Plaintiffs' straightforward wage claims will not turn on the same evidence, or require the same scope of discovery which will no doubt be undertaken on the claims between Blair and CBM which involve the lease agreement and promissory note.  To the extent that some discovery may overlap, duplication can be minimized or avoided, since parties may request the use of discovery and deposition testimony from both cases to be used in more than one of the cases.  *See, e.g., Nieto et al. v. Kapoor*, No. CIV 96-1225 MV/LCS (Sept. 30, 2002) (denying request for consolidation where some questions of law and fact were common, but third-party plaintiff was less involved in the major issues of the case, and court recognized that discovery could be shared); *Alley's of Kingsport, Inc. v. United States*, (C.C. 2012) (finding that discovery responses could be furnished to counsel and depositions conducted jointly).

In sum, the Court finds that the three other cases are not similar enough to the instant case to warrant consolidation.   The counterclaim asserted by Defendant is related to the

counterclaims in the other lawsuits, but Plaintiffs Sikora and Lanier are involved much more discretely and tangentially to the disputes among Blair, Blair Properties and CBM. Additionally, CBM's prosecution of its counterclaim in the instant case and Plaintiffs' assertion of a defense does not depend on consolidation with the Blair cases.  While consolidation may benefit CBM in prosecuting all their counterclaims all at once, in one lawsuit, consolidation would unnecessarily overburden Plaintiffs.  Litigating this case separately will allow the parties in each of these cases to focus on the relevant issues while using judicial resources more efficiently.

    **THEREFORE,**

    **IS IT HEREBY ORDERED** that Defendant/Counterclaimant's Motion to Consolidate Related Cases **(Doc. 20)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE